UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| PENNY MARIE COLEMAN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-104-SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

Before the Court is movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. 1]. Therein, movant claims that *Mathis v. United States*, 136 S. Ct. 2243 (2016), *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), and a case styled *United States v. Tanksley* should be applied to her case in order to reduce her sentence.

The Court's records indicate that movant previously filed a § 2255 motion that was denied on the merits. *See Coleman v. United States*, No. 1:16-cv-121-SNLJ (E.D. Mo. Sept. 27, 2016). As such, the instant motion is a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 and 2255. However, it has not been certified by the United States Court of Appeals for the Eighth Circuit as required by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

Under 28 U.S.C. § 2255(h):

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1)  newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The requirement that prisoners obtain authorization from the Circuit Court before filing a second or successive petition in the District Court is jurisdictional. *Burton v. Stewart*, 127 S. Ct. 793, 796 (2007). "Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. Nat'l Enterprises, Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003). As such, the instant action will be dismissed without prejudice to refiling if, and when, movant obtains permission from the Eighth Circuit to do so.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate is **DENIED**, without prejudice, because movant has not yet obtained permission from the United States Court of Appeals for the Eighth Circuit to bring the motion in this Court. *See* 28 U.S.C. § 2255(h).

**IT IS FURTHER ORDERED** that the Clerk is directed to forward a copy of this Order to the Federal Public Defender.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability because movant has not made a substantial showing of the denial of a federal constitutional right.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 3rd day of August, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE